UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON



Eastern District of Kentucky
FILED

JUL 19 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-512-GWU

WILLIAM B. TRENT,                                              PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT,

### INTRODUCTION

William Trent brought this action to obtain judicial review of an

unfavorable administrative decision on his application for Supplemental Security

Income. The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe.  An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Trent, a 49 year-old former transportation driver with a high school equivalent education, did not suffer from any "severe" impairments.  (Tr. 15, 19).   Therefore, the claimant could not be considered totally disabled.  (Tr. 19).

3

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Trent argues that the ALJ erred in failing to find that his mental problems constituted a "severe" impairment. He relied upon the information provided by Psychologist Robert Fitz, an examining consultant, for this argument. Fitz diagnosed the plaintiff as suffering from a depressive disorder and indicated that he would have only a "fair" ability to understand, remember and follow directions as well as to tolerate the stress and pressures of work activity. (Tr. 119). "Fair" was not defined by the psychologist. However, the examiner rated the claimant's Global Assessment of Functioning (GAF) at 65. (Tr. 118). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Thus, only mild mental limitations, not suggestive of a totally disabling impairment, would appear to be indicated.[1] Furthermore, even if Fitz's report were found to support the existence of a "severe" mental impairment, these "mild" restrictions would not create a "substantial" loss of ability in such areas understanding, remembering and carrying out simple instructions, responding appropriately to supervision or co-workers, and dealing with changes in the routine work setting. Social Security Ruling 85-15 indicates that when the only impairment is mental but not of Listing severity, a finding of disabled status is appropriate only if one suffers from a "substantial" loss of ability in one of these areas. Therefore, the opinion of Fitz

---

[1]Fitz specifically indicated finding no evidence of major mental illness and questioned the plaintiff's effort during the examination. (Tr. 118).

does not support the claimant's argument.

Trent sought treatment for his mental problems at the Kentucky River Comprehensive Care Center. (Tr. 135-148, 181-198). Specific mental limitations were not identified. A GAF rating of 70 was noted in February of 2004 (Tr. 142) and one of 67 was reported in February of 2005 (Tr. 181). These GAF ratings suggest only "mild" psychological problems. The claimant was discharged from Kentucky River in February of 2005 at which time it was indicated that he had met his treatment goals. (Tr. 181). Therefore, these treatment records do not support the existence of a "severe" mental impairment.

Finally, the Court notes that Psychologists Jane Brake (Tr. 120) and Thompson Prout (Tr. 149) each reviewed the record for the administration and opined that it did not reveal the existence of a "severe" mental impairment. These reports provide additional support for the administration decision.

The ALJ also properly determined that Trent did not suffer from a "severe" physical impairment. Dr. Mark Burns examined the plaintiff and found no impairment with regard to sitting, standing, lifting, carrying, moving about, handling objects, hearing, seeing, speaking or traveling. (Tr. 167). The physical examination was reported to have been within normal limits. (Tr. 167). Dr. Calixto Hernandez, a non-examining medical reviewer, opined that the claimant did not suffer from a "severe" physical impairment. (Tr. 168). These opinions were not contradicted in the record by those of another treating, examining or reviewing source. Therefore, substantial evidence supports this portion of the ALJ's decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

5

entered simultaneously consistent with this opinion.

This the ___19___ day of July, 2006.

_G. Wix Unthank_
G. WIX UNTHANK
SENIOR JUDGE

6